Filed 8/31/23  P. v. Cordova CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097679 |
| Plaintiff and Respondent, | (Super. Ct. No. CR16-4827) |
| v. | |
| ANDRES ALEJANDRO CORDOVA, | |
| Defendant and Appellant. | |

On December 2, 2016, a jury found defendant Andres Alejandro Cordova guilty of willful, deliberate, and premeditated attempted murder (Pen. Code, §§ 664/187, 189; count 1);[1] shooting at an inhabited dwelling (§ 246; count 2); assault with a firearm (§ 245, subd. (a)(2); counts 3 through 5); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6); and possession of ammunition by a felon (§ 30305, subd. (a); count

---

[1]    Undesignated statutory references are to the Penal Code.

1

7).  The jury also found true numerous firearm enhancements (§§ 12022.53, subds. (b), (c), 12022.5) associated with counts 1, 3, 4, and 5.  However, the jury hung on the enhancing allegations that defendant had personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)) for counts 1 and 2, and the trial court dismissed these allegations on the prosecutor's motion.  In a bifurcated proceeding, the trial court found true various status enhancements (§§ 667, subds. (a), (c), (e)(1), 667.5 subd. (a)).

Thereafter, on April 13, 2017, the trial court sentenced defendant to an aggregate prison term of 14 years to life plus a determinate term of 29 years eight months.[2] Defendant appealed, and this court issued an unpublished opinion reversing the true finding on one of defendant's status enhancements, striking that enhancing allegation, and remanding the matter for a full resentencing.  (*People v. Cordova* (Dec. 18, 2020, C084661).)

On remand, defendant filed a motion to strike the firearm enhancements, as well as his status enhancements (a prior strike and a five-year prior serious felony enhancement), which the People opposed.

At the resentencing on December 19, 2022, the trial court imposed an aggregate prison term of 14 years to life consecutive to a determinate term of 22 years four months. For the substantive offenses, the court imposed 14 years to life (seven years doubled because of the prior strike) for count 1; 10 years (the midterm of five years doubled) for count 2 (stayed pursuant to § 654); the midterm of two years for counts 3, 4, and 5 (stayed pursuant to § 654); a consecutive sentence of one year four months (one third the midterm doubled) for count 6; plus four years (the midterm doubled) for count 7 (stayed pursuant to § 654).

---

[2]     The sentence includes a one-year term for an unrelated case.

For the count 1 enhancements, the trial court reimposed a 20-year sentence under section 12022.53, subdivision (c) and a 10-year sentence (stayed pursuant to § 654) under section 12022.53, subdivision (b). As to the enhancements associated with counts 3, 4, and 5, the court imposed and stayed midterms of four years. The court then exercised its discretion to strike the five-year prior serious felony enhancement, as well as a one-year prior prison term enhancement. The court further imposed a one-year consecutive term for Yolo County Superior Court case No. 17-132 (one-third the base term).

Defendant timely appealed, resulting in the case before us. Thereafter, defendant's appellate counsel filed a brief raising no arguable issues under *People v. Serrano* (2012) 211 Cal.App.4th 496 and requesting we inform defendant of his right to file a supplemental brief in accordance with *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

On June 6, 2023, appellate counsel wrote defendant, explaining she would be filing a no issue brief, and if defendant failed to file a propria persona supplemental brief, his appeal would likely be dismissed. On June 15, 2023, this court also sent a letter notifying defendant: (1) his counsel filed an appellate brief stating her review of the record did not identify any arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

Defendant did not file a supplemental brief within the 30 days following the *Delgadillo* notice. We consider defendant's appeal abandoned and order the appeal dismissed. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.

/s/
EARL, P. J.

We concur:

/s/
HULL, J.

/s/
MESIWALA, J.

4